# Docket 13-14095-DD

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**UNITED STATES OF AMERICA,**

**Appellee,**

**v.**

**SHAWN MARSHALL,**

**Appellant.**

**APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA (ORLANDO)**

**APPELLANT'S BRIEF**

MARK DIAMOND
Attorney for Appellant
931 Monroe Drive NE
Ste. A102 # 196
Atlanta, GA 30308-1795
Tel.: (917) 660-8758

# Docket 13-14095-DD

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**UNITED STATES OF AMERICA,**

**Appellee,**

**v.**

**SHAWN MARSHALL,**

**Appellant.**

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed people have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualifications or recusal.

1.     Antoon, John, United States District Court, 401 West Central Boulevard, Orlando, FL 32801, the trial judge.

2.     Marshall, Shawn, 58253-018, USP Tucson, 9300 South Wilmot Road, Tucson, AZ 85756, the appellant.

3.     Searle, Andrew, US Attorney's Office, 400 West Washington Street, Suite 300, Orlando, FL 32805, attorney for the appellee.

/s/ MARK DIAMOND
Attorney for Appellant

C-1

## <u>REQUEST FOR ORAL ARGUMENT</u>

The appellant leaves to the discretion of the Court whether to hold oral argument.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PARTIES ........................................... 2

REQUEST FOR ORAL ARGUMENT ...................................................... 3

TABLE OF CONTENTS .......................................................................... 4

TABLE OF CITATIONS ...................................................................... 5-7

STATEMENT OF JURISDICTION ........................................................ 8

STATEMENT OF ISSUES .................................................................... 9

STATEMENT OF CASE .................................................................... 9-23

      Statement of Facts ................................................................. 10-22

      Statement Of The Standard Of Review ......................................... 23

SUMMARY OF ARGUMENT ......................................................... 24-25

ARGUMENTS ................................................................................ 26-54

CONCLUSION ...................................................................................... 55

CERTIFICATE OF COMPLIANCE........................................................ 56

CERTIFICATE OF SERVICE................................................................ 57

## <u>TABLE OF CITATIONS</u>

*Cases*

*Ameritas Variable Life v. Roach*, 411 F.3d 1328 (11th Cir. 2005)...............34

*Gall v. United States*, 552 U.S. 38 (2007) ..................................................25

*Kimbrough v. United States*, 552 U.S. 85 (2007) ........................................41

*Rita v. United States*, 551 U.S. 338 (2007)..................................................35

*United States v. Anderson*, 326 F.3d 1319 (11th Cir. 2003).........................30

*United States v. Arredondo*, 184 Fed. Appx. 920 (11th Cir. 2006) ..............34

*United States v. Artello*, 2014 WL 1316304 (11th Cir. 2014 .......................34

*United States v. Booker*, 543 US 220 (2005) ................................................34

*United States v. Bruffy*, 2012 WL 1003503 (W.D.Va. 2012).......................28

*United States v. Campa*, 459 F.3d 1121 (11th Cir. 2006) ............................34

*United States v. Carter*, 292 Fed.Appx. 16  (11th Cir. 2008).....................27

*United States v. Culver*, 598 F.3d 740 (11th Cir. 2010):.............................49

*United States v. Docampo*, 573 F.3d 1091 (11th Cir. 2009) ........................47

*United States v. Foster*, 209 Fed.Appx. 942 (11th Cir. 2006).....................52

*United States v. Frank*, 599 F.3d 1221 (11th Cir. 2010) .............................49

*United States v. Goveo-Zaragoza*, 311 Fed.Appx. 235 (11th Cir. 2009).......53

*United States v. Harris*, 291 Fed.Appx. 300 (11th Cir. 2008).....................50

*United States v. Hersh*, 297 F.3d 1233 (11th Cir. 2002)..............................52

*United States v. Hodnett*, 210 Fed.Appx. 949 (11th Cir. 2006) ...................51

*United States v. Huskey*, 349 Fed.Appx. 495 (11th Cir. 2009)......................49

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010) ..................................47

*United States v. Jaquez-Jaquez*, 315 Fed.Appx. 851 (11th Cir. 2009) ..........36

*United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006) ...........................52

*United States v. Kapordelis*, 569 F.3d 1291 (11th Cir. 2009) ......................50

*United States v. Livesay*, 484 F.3d 1324 (11th Cir. 2007)............................26

*United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006)............................49

*United States v. Malcolm*, 2009 WL 1291661 (11th Cir. 2009)...................37

*United States v. Martinez*, 434 F.3d 1318 (11th Cir. 2006) .........................34

*United States v. McGill*, 450 F.3d 1276 (11th Cir. 2006) ............................30

*United States v. Moore*, 2014 WL 1272455 (11th Cir. 2014) ......................34

*United States v. Oliver*, 281 Fed.Appx. 898 (11th Cir. 2008) ......................51

*United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008) ...............................35

*United States v. Raad*, 406 F.3d 1322 (11th Cir. 2005) ...............................53

*United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006) ...............37

*United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009) .............................49

*United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005)................................36

*United States v. Seljan*, 547 F.3d 993 (9th Cir. 2008)..................................48

*United States v. Smith*, 573 F.3d 639, 660 (8th Cir. 2009)...........................47

*United States v. Talley*, 431 F.3d 784 (11th Cir. 2005)................................34

*United States v. Wilcox*, 324 Fed.Appx. 805 (11th Cir. 2009) ......................50

*United States v. Williams*, 340 F.3d 1231 (11th Cir. 2003)..........................30

*United States v. Williams*, 526 F.3d 1312 (11th Cir. 2008)..........................30

*United States v. Williams*, 527 F.3d 1235 (11th Cir. 2008)..........................26

*United States v. Zastrow*, 534 F.3d 854 (8th Cir. 2008)...............................48

### Statutes and Rules

USSG § 2A3.1(a)(2) .....................................................................................26

USSG § 2A3.1(b)(2)(B) ...............................................................................26

USSG § 2A3.1(b)(3)(A) ...............................................................................26

USSG § 3A1.3 ..............................................................................................26

USSG § 4B1.5(b)(1) .....................................................................................27

USSG § G2.2 ................................................................................................28

18 USC § 2242(1) .........................................................................................31

18 USC § 3553(a) .........................................................................................35

18 USC § 3553(b) .........................................................................................38

18 USC § 3742 ...............................................................................................8

28 USC § 1291 ...............................................................................................8

U.S. Const. 5th Amendment.........................................................................54

U.S. Const. 8th Amendment.........................................................................53

## STATEMENT OF JURISDICTION

This is an appeal from a judgment rendered August 22, 2013, in the United States District Court for the Middle District of Florida in Orlando under docket 6:13-cr-00053-JA-KRS-1.  The district court had jurisdiction under 18 USC § 3231, since the appellant was charged with an offense against the laws of the United States of America.  The Court of Appeals has jurisdiction under 18 USC § 3742, as well as 28 USC § 1291, which provides for jurisdiction over a final judgment from a United States District Court.

## STATEMENT OF THE ISSUES

The appellant's above-Guidelines sentence of life in prison for a man with no criminal history convicted of a single sex offense should be reversed because it is procedurally and substantively unreasonable, including being highly disparate with the sentences of far worse defendants convicted of far worse sex crimes against multiple victims.  Additionally, five levels were improperly added to his offense level under USSG § 4B1.5(b)(1).

## STATEMENT OF THE CASE

The appellant ("Mr. Marshall") is a 51-year-old married United States citizen and twenty-year, honorably discharged United States Air Force veteran. He was charged by Criminal Complaint on March 4, 2013, with threatening a minor into engaging in a sexual act from March 16, 2011, to November 30, 2012, in violation of 18 USC § 2242(1). (USDC # 1)

He was arrested and arraigned on March 6. He was indicted on March 12, 2013, in a two-count indictment (USDC # 10) for transporting a minor in interstate commerce to engage in sex (18 USC § 2423(a) and knowingly intimidating a minor female to have sex with him from March 16, 2011, to November 30, 2012. (18 USC § 1842(1) and (7) Forfeiture of any property used to commit the crimes was sought. (18 USC § 2428)

On April 25, 2013, the parties signed a "Plea Agreement" (USDC # 24, amended by USDC # 27) in which they agreed that a Guidelines sentence was proper. On May 8, 2013, Mr. Marshall pleaded guilty to count two of the indictment, knowingly causing a minor female to engage in sexual acts. (USDC # 51) A magistrate's "Report and Recommendation Concerning Plea of Guilty" was issued the same day which recommended that the plea agreement and guilty plea be accepted. (USDC # 31)

On August 21 and 22, 2013, Mr. Marshall was sentenced over objection to a sentence that was far above the Guidelines range:  life in prison followed by ten years of post-release supervision.  Additional requirements were imposed including registration as a sex offender in any state in which Mr. Marshall lives, visits, works, or studies; never using the Internet without permission of the Department of Probation; and never incurring debts or making "a major purchase" without the permission of Probation.  (USDC # 53)

Judgment was filed on August 27, 2013.  (USDC # 44)  A Notice of Appeal was filed on August 29, 2013.  (USDC # 45)  Appellate counsel was appointed to represent Mr. Marshall on April 1, 2014.  Mr. Marshall is incarcerated.


**Statement Of Facts**

The following is a summary of the plea and sentence proceedings:

**May 8, 2013**

Mr. Marshall stated that he was fifty years old; a United States citizen; not taking any medications that would make him unable to think clearly; had not consumed alcohol or drugs in the past two days; and was charged with having sex on a continuing basis from March 16, 2011, to November 30, 2012, with a minor by threatening her and placing her in fear.

He said he had enough time to speak to his lawyer, with whom he was satisfied; he had not been threatened to plead guilty; he signed the plea agreement; the sentence could be up to life in prison, a fine of up to $250,000, five years to life of supervised release, restitution, and compliance with the Sex Offender Registration and Notification Act; the Government agreed to recommend sentencing within the Guidelines range; he must cooperate with Probation, including by financial disclosure; by pleading guilty he was waiving his right to appeal but not his right to appeal a sentence that is above of the Guidelines range or cruel and unusually harsh; and there will be no forfeiture in his case.

Mr. Marshall acknowledged that the plea agreement contained the terms for which he was agreeing to plead guilty; there will be no parole; he faced a sex offense hearing when released from prison; and he had a right to trial by jury, to be proven guilty by the Government beyond a reasonable doubt, to question witnesses, to call witnesses, to testify, or to remain silent; and his conviction would lead to the loss of several civil rights, including the right to vote.  He allocuted that he threatened or placed a minor who was under age eighteen in fear in order to engage in sex with her within the United States, including penetrating her vagina and putting his penis in her mouth.  (USDC # 51, Transcript of Plea of 5/8 p. 28) He said he was pleading guilty voluntarily.

**August 21, 2013**

The defense made no objection to the factual accuracy of the presentence report.  Defense counsel stated that while it could cite no precedence, he objected to five levels being added to the offense calculation under USSG § 4B1.5 because all relevant conduct was captured in Mr. Marshall's plea to the single indicted charge, which included all of the alleged acts.  (USDC # 53, Transcript 8/21 pp. 5-7)  The court overruled the objection without giving a reason.  (USDC # 53, Transcript 8/21 p. 8)

The district court adopted "the position of the probation office" as to the total offense level, criminal history category, and sentencing range.  (USDC # 53, Transcript 8/21 p. 8)  Defense counsel noted that he had observed, in the time he has spent with Mr. Marshall, that he understands the damage he has done and is profusely sorry.  He has had a chance to get away from alcohol while incarcerated pending trial.  Alcohol, according to the neurological report that was submitted, was part of the cause for his behavior.  Locking him away for the rest of his life would serve no useful purpose.  He is a fifty-year-old decorated military man with over twenty years service in the Air Force.  Mr. Marshall is worthy of redemption. (USDC # 53, Transcript 8/21 p. 12)

Mr. Marshall addressed the court and said that what he did was horribly sick and something that should never happen to a child.  He destroyed his family.  He

needs therapy, counseling, and treatment to understand himself.  He asked the court for an opportunity to become a new human being.

The prosecutor told the court that it is difficult to go overseas and tell people in other countries what a wonderful judicial system we have in light of the sequester of the federal budget.  Concerning his recent experience, classrooms lack desks and one day, twenty-seven military men came in with desks.  Mr. Marshall has disgraced the uniform and dishonored his daughter.  The Government recommends a sentence within the Guidelines range as calculated by the probation office.  (USDC # 53, Transcript 8/21 pp. 19, 27)

The prosecutor read a letter from the defendant's wife stating that Marshall's unjustified acts had cause the family great pain and misery and he should receive no mercy.  The child has been traumatized and has to live with what he did to her for the rest of her life, as does their other daughters.  This situation has put her family in dire financial straits because Marshall is no longer earning an income. She has no full power of attorney for Marshall.  He deserves eternity in prison.

The prosecutor sought $400 in restitution for gasoline used by the defendant's wife to go to interviews and court hearings and missing a month of work.  (USDC # 53, Transcript 8/21 p. 27)  He noted that the children were attending school.

Defense counsel stated that Mr. Marshall has repeatedly asked him to find out how he can help his family while incarcerated.  Counsel has contacted his wife a number of times to find out how Marshal can help but she refuses to have any communications with counsel.  (USDC # 53, Transcript 8/21 p. 29)

The district court stated that the facts of this case were more egregious than any he has observed during his tenure as a federal judge, although similar facts are not rare in state court where he also served.  (USDC # 53, Transcript 8/21 p. 32)  His guess was that the child will never lead a normal life because of what has happened, although she may be resilient enough to have a decent life.  (USDC # 53, Transcript 8/21 p. 33)  The child was raped for almost two years by someone who was supposed to protect her.  There is no way of telling what toll it took on the rest of the family.  (USDC # 53, Transcript 8/21 p. 34)  The defendant is despicable and his conduct overshadows what value he might have in the future.  (USDC # 53, Transcript 8/21 p. 34)

The court continued that the Guidelines do not adequately reflect the seriousness of the offense, do not adequately promote respect for the law, and do not adequately provide just punishment.  (USDC # 53, Transcript 8/21 p. 35)  It stated that it was "departing" from the Guidelines range (USDC # 53, Transcript 8/21 p. 39) by sentencing Mr. Marshall to life in prison and ten years of supervised release (USDC # 53, Transcript 8/21 p. 35).  It imposed additional conditions

14

including participating in a substance abuse program, submitting to random drug tests, participating in a mental health program for sexual offenders, submitting to polygraph tests, registering with the state sexual offender registration agency, having no contact with people under age eighteen without written permission from Probation, having no child pornography material, not using a computer with online access without written permission from Probation, submitting to searches of his person and property whenever Probation wants, telling other residents where he lives that the entire premises may be subject to search, not incurring any credit card charge or line of credit, not making a major purchase without the approval of Probation, providing DNA, and paying whatever restitution the court deems appropriate within ninety days.

The defense objected that the sentence was procedurally and substantively unreasonable.  It objected that the court had failed to give it due notice of its intention to upwardly depart from the guidelines range.  (USDC # 53, Transcript 8/21 p. 40)  The court recessed the hearing for 24 hours for the defense to provide a memo concerning his second objection.  Defense counsel told the court that his memo will be very short because Friday is furlough Friday.  (USDC # 53, Transcript 8/21 p. 43)

**August 22, 2013**

The court said that the presentence report states that there is no basis for departure and that it was not the court's intention last time to categorize the sentence as a departure but, rather, as a variance. (USDC # 54, Transcript 8/22 p. 2) It said that it would reopen the proceeding if defense counsel said that he was prejudiced by lack of notice and did not believe that an outside-the-range sentence was a possibility. Defense counsel said he knew the court could give a life sentence. He said he did not know if he would have done anything different or prepared in any other way for sentencing had he been given notice by the court that it intended to upwardly depart from the Guidelines range. (USDC # 54, Transcript 8/22 p. 6) He said he had given the court a solid presentation.

The district court stated that it imposed an above-Guidelines sentence because the defendant's acts were unusually cruel; there is a direct victim; the defendant betrayed his daughter's trust and deprived her of a normal childhood; the events occurred over a long period of time, which is not adequately taken into consideration by the Guidelines; his psychological reports are unremarkable; he has a history of alcohol abuse; he has no history of mental illness; he served in the Air Force and was twice awarded the Air Force Commendation Medal and the Kuwait Liberation Medal; the only sentence available is a lengthy term of incarceration; and the sentence is necessary to reflect the seriousness of the crime,

promote respect for the law, and provide just punishment.  (USDC # 54, Transcript 8/22 pp. 9-12)

The following documents are relevant to Mr. Marshall's appeal:

**Plea agreement** (USDC # 27)

The parties stipulated to the following:

1.     Mr. Marshall will plead guilty to having sex with a female minor by threatening her.  In April or May, 2008, while Marshall was visiting his family in Hawaii, he had unspecified sex acts with a female minor in the family.  On or about March 16, 2011, the minor and her family moved in with Marshall in Florida.  Thereafter, Marshall had vaginal sex with the minor and put his mouth on her vagina on multiple occasions.  In November, 2012, they stopped having sex.  During some of the incidents, Marshall used force on the minor, including pinning her arms behind her back, lifting her shorts on one occasion, wrapping an amplifier cord around her throat on one occasion, and telling her that if anyone found out what they were doing it would destroy their family.  The minor told her mother about the incidents on February 7, 2013.

2.     The prosecutor will recommend to the court that it sentence Marshall within the Guidelines range.  If the court does not sentence him within the Guidelines range, Marshall may not withdraw his plea but can appeal the sentence.

3.    The prosecutor will not oppose Marshall's request for a two-level reduction for acceptance of responsibility, pursuant to USSG § 3E1.1(a).

4.    Marshall will make financial restitution.  (The amount was $425.)

5.    Marshall will register as a sex offender and comply with the registration and reporting requirements.

6.    Marshall will waive his right to trial by pleading guilty.


**Presentence Investigation Report**

The PSI made the following determinations:

1.    The base offense level is thirty.  (USSG § 2A3.1)

2.    This level should be enhanced by two levels because the minor was between twelve and sixteen years old (USSG § 2A3.1(b)(2)(B); two levels because the minor was in the defendant's care or control (USSG § 2A3.1(b)(3)(A); two levels because the minor was physically restrained (USSG § 3A1.3); and five levels because the defendant's conduct consisted of an ongoing pattern of behavior.  (USSG § 4B1.5)  Three levels should be deleted because the defendant accepted responsibility.  (USSG § 3E1.1(a) and (b))  The total offense level is thirty-eight.

18

3.      The defendant had no prior juvenile adjudications, adult criminal convictions, pending charges, other arrests, or other criminal conduct, so his criminal history category is I.

4.      The statutory range is any amount of years up to life in prison.  (18 USC § 2242)  The guidelines range is 235 to 293 months in prison.  Supervised release of five years to life is required.  (18 USC § 3583(k); USSG § 5D1.2(b)  Sex offender registration may be required.  (F.S. 943.0435 and Public Act 109-248 "Sex Offender Registration and Notification Act")

5.      Mr. Marshall's father was forced to leave home for having an inappropriate relationship with his daughter when Marshall was 12 or 13 years old. While living with the family, Marshall's father sexualized the home by displaying nude photos of his mother and her friends, keeping pornographic magazines in plain view, and having a sexual relationship with his sister.  Marshall married in 1985.  He and his wife had six children together.  He served in the Air Force for twenty-two years, attaining the rank of technical sergeant.  He was honorably discharged in 1995.  He was employed as a computer and network technician, skills that he learned in the military.  He reports that he shakes constantly, which may be an anxiety issue.  He drank alcohol heavily on a daily basis.  He denied using illicit substances.

6.    The defendant objects to the imposition of five levels under USSG § 4B1.5(b)(1) because all of his acts were contemplated and captured by his guilty plea to count two of the indictment.  Probation disagrees because this was a course of conduct and the commentary to USSG § 4B1.5(b)(1) makes it clear that the enhancement is to be applied even if the pattern of sexual activity is included within the four corners of the plea agreement.

**Neuropsychological Evaluation of the defendant** (part of Motion to File Report Under Seal, USDC # 36)

The report found the following:

1.    Mr. Marshall was interviewed at length.  Additionally, he was administered several objective tests including the Advanced Clinical Solutions Effort Assessment, Wechsler Adult Intelligence Scale, Delis-Kaplan Executive Function System, Wisconsin Card Sorting Test, and Personality Assessment Inventory.

2.    He was raised in a home characterized by abuse, alcoholism, and perceived inappropriate sexual exposure from his father.  He was sexualized at an early age.  Children who are sexualized at an early developmental age often experience confusion  regarding issues of sexual behavior, as well as increased interest and focus in sexual activities.  He had a long and significant history of

substance abuse, particularly with alcohol, which may have served to compromise his judgment and impair his decision-making.

3.      The doctors concluded that he needed psychiatric consultation. "Given his neuropsychological and psychological makeup, he needs individual therapy to address his clinical, as well as sex offender behavior."

**Order** (USDC # 43)

The district court denied the defendant's motion for reconsideration of his sentence for the following reasons:

1.      The base offense level of thirty (USSG § 2A3.1) is enhanced by two levels because the minor was between twelve and sixteen years old (USSG § 2A3.1(b)(2)(B); two levels because the minor was in the defendant's care or control (USSG § 2A3.1(b)(3)(A); two levels because the minor was physically restrained (USSG § 3A1.3); and five levels because of ongoing conduct. (USSG § 4B1.5(b)(1)  Three levels are deleted because the defendant accepted responsibility (USSG § 3E1.1(a), (b)  The total offense level is thirty-eight.

2.      The defendant has no prior convictions, so his criminal history category is I.  The Guidelines range is 235 to 293 months in prison.

3.      Concerning the nature of the offense (18 USC § 3553(a)(1) the defendant had sex with his daughter while she was between the ages of fourteen

21

and seventeen. He once pinned her arms behind her back and once wrapped a cord around her throat. These actions were unusually cruel.

4.    Concerning the history and characteristics of the defendant (18 USC § 3553(a)(1) the court said that they do not weigh heavily one way or the other.

5.    Concerning the sentences available (18 USC § 3553(a)(3) the court said that a lengthy prison sentence is required in this case.

6.    Concerning the Sentencing Guidelines and policy statements (18 USC § 3553(a)(4) and (5) the court said that the Guidelines do not account for the duration of the abuse or the defendant's threats to the victim to keep the incidents secret.

7.    Concerning the need to avoid unwarranted sentencing disparity (18 USC § 3553(a)(6) the court said that since there are so few cases similar to this one, it was hard to decide whether a life sentence was disparate with other sentences for like crimes, but that in any event, any disparity is accounted for "by the facts contained in the presentence report and those summarized above."

8.    Concerning restitution and providing the defendant with needed education and medical care (18 USC §§ 3553(a)(7); (a)(2)(D) these were not relevant sentencing factors.

9.    Concerning deterrence, protection of the public, and the seriousness of the offense (18 USC §§ 3553(a)(2)(B); (a)(2)(C); (a)(2)(A) while a lower sentence

might serve to protect the public and deter the defendant from committing crimes in the future, any sentence less than life would not reflect the "cruel and despicable" conduct of the defendant.

## Statement Of The Standard Of Review

On appeal of a sentence, the Court reviews a district court's findings of fact for clear error but its application of the Sentencing Guidelines to those facts *de novo*, since it is a mixed question of law and fact. (*United States v. McGill*, 450 F.3d 1276 (11th Cir. 2006); *United States v. Anderson*, 326 F.3d 1319, 1326 (11th Cir. 2003) A sentence subject to *de novo* consideration is reviewed for its reasonableness or lack thereof. (*United States v. Williams*, 526 F.3d 1312 (11th Cir. 2008); *United States v. Williams* (sic), 340 F.3d 1231 (11th Cir. 2003)

## SUMMARY OF THE ARGUMENTS

Mr. Marshall was convicted of a single count of sexual abuse (18 USC § 2242(1) for having sex with his teenage daughter an unspecified number of times during an approximately 1 ½ year period.   He was fifty years old when convicted and had no juvenile or adult criminal record.

His sentence should be vacated because his above-Guidelines sentence of life in prison, which was contrary to the parties' plea agreement and the recommendation of Probation, is both procedurally and substantively unreasonable.  (18 USC § 3553(a)

Concerning procedural unreasonableness, the district court failed to explain why it believed a Guidelines sentence did not account for the seriousness of the offense, promote respect for the law, or provide just punishment.  In any event, the evidence is clear that the Guidelines, as applied by the district court, did take into consideration the appropriate sentencing factors, including increasing his base offense level by eleven levels because of the age of victim, use of physical restraint, status of the defendant as caregiver for the victim, and pattern of conduct.

Concerning substantive unreasonableness, the district court said that it was imposing an above-Guidelines sentence because it was "guessing" at facts that were not in evidence; limiting its formulation of a sentence based only upon its own experience with sex abuse cases in federal court instead of the heartland of

24

cases from which it could have drawn guidance; and basing the sentence on its belief that Mr. Marshall was not, and never could be, worthy of forgiveness. A review of sexual abuse cases in the Eleventh Circuit and other circuits shows that Mr. Marshall's sentence of life in prison was far above sentences given for defendants with far worse criminal records who committed far worse crimes against multiple victims.

Finally, the district court improperly added five levels to Mr. Marshall's offense level for "pattern of activity" under USSG § 4B1.5(b)(1). This section addresses the likelihood that the defendant will become a repeat offender and whether lengthy incarceration is therefore needed to protect the public. There was absolutely no evidence before the district court to lead it to believe that Mr. Marshall, who had no criminal record and was fifty years old, would be a repeat offender and that lengthy incarceration was needed to protect the public.

As a result of the district court's errors, Mr. Marshall was deprived of due process and a reasonable sentence. (U.S. Const. 5th, 8th Amends.; 18 USC § 3553(a); *Gall v. United States*, 552 U.S. 38 (2007)

# ARGUMENT 1

## FIVE LEVELS WERE IMPROPERLY ADDED TO MR. MARSHALL'S OFFENSE LEVEL FOR PATTERN OF ACTIVITY INVOLVING PROHIBITED SEXUAL CONDUCT.

### Standard Of Review

The Court reviews the interpretation and application of the Sentencing Guidelines *de novo*, and the district court's factual findings for clear error. (*United States v. Williams*, 527 F.3d 1235, 1247-48 (11th Cir. 2008) Although the Guidelines are merely advisory, district courts are required to correctly calculate the appropriate advisory Guidelines range. (*United States v. Livesay*, 484 F.3d 1324, 1329 (11th Cir. 2007)

### Discussion

The Presentence Investigation Report determined that Mr. Marshall's base offense level is 30 (USSG § 2A3.1(a)(2) and that it should be increased two levels because the minor was between twelve and sixteen years old (USSG § 2A3.1(b)(2)(B); two levels because the minor was in the defendant's care or control (USSG § 2A3.1(b)(3)(A); two levels because the minor was physically restrained (USSG § 3A1.3); and five levels because the defendant committed the

instant sex crime subsequent to sustaining at least one prior sex offense conviction. (USSG § 4B1.5(b)(1)  The Report noted that the defense objected to the imposition of five levels under USSG § 4B1.5.  (Addendum to PSI pp. 1-2)

At sentencing, Mr. Marshall reiterated his objection to the imposition of five levels because all relevant conduct was captured in his guilty plea to the single indicted charge, a charge which by its very terms includes all of the acts.  (USDC # 53, Transcript 8/21 pp. 5-7)  The district court overruled the objection without providing a reason.  (USDC # 53, Transcript 8/21 p. 8)

The relevant portion of USSG § 4B1.5 entitled "Repeat and Dangerous Sex Offender Against Minors" states the following:

> (b)      In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
>
> (1)      The offense level shall be 5 plus the offense level determined under Chapters Two and Three.  However, if the resulting offense level is less than level 22, the offense level shall be level 22, decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1.

In *United States v. Carter*, 292 Fed.Appx. 16, **4  (11th Cir. 2008) five levels were added to the defendant's offense level under § 4B1.5(b)(1) for pattern of behavior.  In discussing the difference between USSG § 4B1.5 and§ 2G2.2

27

concerning material involving the sexual exploitation of minors, the Court held the

following:

> Section 2G2.2(b)(5) addresses the fact that the offense itself
> involved a pattern of sexually exploiting minors. Section 4B1.5,
> however, looks at the likelihood that the defendant will become a
> repeat offender and whether lengthy incarceration is therefore
> needed to protect the public. See USSG § 4B1.5(b)(1) cmt.
> background.

(See also, *United States v. Bruffy*, Not Reported in F.Supp.2d, 2012 WL

1003503 (W.D.Va. 2012) citing *United States v. Carter*.)

There was no evidence or indication before the sentencing court that Mr.

Marshall would become a repeat offender. The evidence before the district court

showed just the opposite.

Mr. Marshall was fifty years old and had never before or since his arrest

committed a juvenile or criminal offense, sex related or otherwise. Neither the

presentence investigation report nor prosecutor claimed that Mr. Marshall was a

risk for recidivism.

The Neuropsychological Report before the district court asserted that

Marshall's offensive behavior was partially explained by his exposure to sex abuse

from his father while a child and that it could be treated with psychiatric and

therapeutic treatment. These assertions were unchallenged by the PSI and the

Government.

28

The district court failed to correctly calculate the appropriate advisory guidelines range under USSG § 4B1.5 because there was no evidence or indication that Mr. Marshall would repeat his behavior unless incarcerated forever. His sentencing range of 235 to 293 months as adopted by the district court would have been 135 to 168 months (PSI Addendum p. 2) but for the imposition of five levels under § 4B1.5.

**Conclusion**

Five levels were improperly added to Mr. Marshall's offense level. Without the five levels, his Guidelines sentence range would have been considerably lower than the range utilized by the district court, which makes the court's procedural and substantive errors in sentencing Marshall to an above-Guidelines sentence of life in prison more egregious than it already is.

## ARGUMENT 2

## MR. MARSHALL'S SENTENCE IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE.

### Standard Of Review

The Court reviews a district court's findings of fact for clear error but its application of the Sentencing Guidelines to those facts *de novo*, since it is a mixed question of law and fact.  (*United States v. McGill*, 450 F.3d 1276 (11th Cir. 2006); *United States v. Anderson*, 326 F.3d 1319, 1326 (11th Cir. 2003)  A sentence subject to *de novo* consideration is reviewed for its reasonableness or lack thereof. (*United States v. Williams*, 526 F.3d 1312 (11th Cir. 2008); *United States v. Williams* (sic), 340 F.3d 1231 (11th Cir. 2003)

### Discussion

Mr. Marshall's plea agreement preserved his right to appeal his sentence if he was sentenced outside of the guidelines range (USDC # 27, pp. 8-9) which he was.  He objected to his above-guidelines sentence during sentencing.  (USDC # 53, Transcript of 8/21 p. 40; USDC # 54, Transcript 8/22 p. 6)  He reiterated his objection in his Motion to Reconsider Sentence.  (USDC # 39)

Mr. Marshall was convicted of one count of sexual abuse under 18 USC § 2242(1) which states the following:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping).

The defendant and prosecutor agreed in the plea agreement, and the probation department concurred in its presentence investigation report, that an appropriate sentence would be any properly falling with the sentencing guidelines range.  The PSI calculated that range as 235 to 293 months in prison while Mr. Marshall sought a range of 135 to 168 months.  Instead, the district court sentenced Marshall to life in prison.

The judge gave the following reasons for varying above the guidelines maximum sentence:

1.    The facts of this case were more egregious than any he has observed during his tenure as a federal judge, although similar facts are not rare in state court where he also served.  (RE # 53, USDC 53, Transcript 8/21 p. 32)

2.      His "guess" was that the child will never lead a normal life, although she may be resilient enough to have a decent life.  (USDC # 53, Transcript 8/21 p. 33)

3.      The defendant had a duty to protect the child and "there was no way of telling" what toll his actions took on the rest of the family.  (USDC # 53, Transcript 8/21 p. 34)

4.      The defendant is despicable and his conduct overshadows any value he might have in the future.  (USDC # 53, Transcript 8/21 p. 34)

5.      The Guidelines do not adequately reflect the seriousness of the offense, do not adequately promote respect for the law, and do not adequately provide just punishment.  Nor do the Guidelines take into consideration the defendant's unusually cruel acts; the fact that there is "a direct victim"; and the fact that the events occurred over a long period of time, which is not "accounted for in the guidelines."  (USDC # 53, Transcript 8/21 p. 35; USDC # 54, Transcript 8/22 pp. 9-12)

Mr. Marshall's plea bargain turned out to be no bargain.  The district court sentenced him to life in prison, which is the most he could have received had he been convicted following trial.  This was not what the defendant and Government envisioned when they entered into a plea agreement that specified that a sentence

within the Guidelines range would be proper (USDC # 27, PSI ¶ 7) a sentence that Probation also recommended in its presentence report (USDC # 27, PSI ¶ 78).

Marshall had sex with his daughter an unspecified number of times when the child was fourteen to seventeen years old.  He is a 51-year-old man who was exposed to his father's sexual abuse as a child.  He had no prior juvenile or adult record before the case on appeal.  He is a decorated veteran of the United States Air Force, where he served for 22 years.

Instead of the maximum anticipated range of 19 ½ to 24 ½ years in prison (or 11 to 14 years as sought by the defendant) the district court imposed a life sentence, to be followed by ten years of supervised release.  Why the court imposed such an excessively harsh sentence is confounding.  Was it because Marshall was a veteran living on a military base when the incidents occurred?  Was it because this particular crime particularly disturbed the judge?

What is clear from the record is that by imposing a life sentence on a person with no record, which was the harshest sentence possible, the district court committed procedural and substantive error under 18 USC § 3553(a) and violated Mr. Marshall's Eighth Amendment right against cruel and unusual punishment.

**A Sentence Must Be Reasonable**

Since *United States v. Booker*, 543 US 220 (2005) an appellant's claim that his sentence is unreasonable is a claim that the sentence was imposed in violation of law pursuant to USC § 3742(a)(1) whether or not the sentence is within the Sentencing Guidelines range. (*United States v. Martinez*, 434 F.3d 1318 (11th Cir. 2006); *United States v. Arredondo*, 184 Fed. Appx. 920 (11th Cir. 2006)  Sentences are reviewed on appeal for reasonableness using an abuse-of-discretion test (*Gall v. United States*, 552 U.S. 38 (2007); *United States v. Moore*, – Fed.Appx. –, 2014 WL 1272455 (11th Cir. 2014); *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005) or a deferential abuse-of-discretion standard, if we are being picky. (*United States v. Artello*, – Fed.Appx. –, 2014 WL 1316304 (11th Cir. 2014)

Either way, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors. (*United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006)  A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably. (*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005)

The district court must impose a sentence that "sufficient but not greater than necessary" to satisfy the objectives listed in 18 USC § 3553(a)(2) including

the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct and protect the public from the defendant's future criminal conduct.  In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  Mr. Marshall bears the burden of showing that his sentence is unreasonable in light of the § 3553(a) factors and the facts of the case and the totality of the circumstances.  (*Irey* at 1189)

On appeal, the sentence is reviewed for procedural reasonableness:  Did the district court fail to calculate the Guidelines, incorrectly calculate the Guidelines, treat the Guidelines as mandatory, fail to consider all of the § 3553(a) factors, select a sentence based on clearly erroneous facts, or fail to adequately explain the chosen sentence?  (*Gall* at 597)  As part of its procedural review, this Court will question whether the district court has considered the parties' arguments and has a reasoned basis for the sentence that it imposed.  (*Rita v. United States*, 551 U.S. 338 (2007); *United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008)  If there is procedural error, the sentence is reversible.

If there is no procedural error, then the sentence is reviewed for substantive reasonableness. (*Gall* at 597; *United States v. Jaquez-Jaquez*, 315 Fed.Appx. 851 (11th Cir. 2009) A substantive review determines whether the factors contained in 18 USC § 3353(a) support the sentence which include the following:

    1.    The nature and circumstances of the offense and the history and characteristics of the defendant.

    2.    The need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public, and provide the defendant with corrective treatment.

    3.    The kinds of sentences available.

    4.    The Sentencing Guidelines range in effect on the date of sentencing or resentencing.

    5.    Pertinent policy statements that are contained in the Sentencing Commission.

    6.    The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

    7.    The need to provide restitution to victims.

Before determining a sentence, a district court must make an individualized assessment of these factors based on the facts presented. (*United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) The Eleventh Circuit will not presume that a sentence is reasonable simply because it falls within the properly calculated

Guidelines range, recognizing that there is a range of reasonable sentences from which the district court may choose.  (*United States v. Talley*, 431 F.3d 784 (11th Cir. 2005)

Although the Court will not demand that the district court recite magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress instructed it to consider, this principle does not mean that this Court may simply presume the district court weighed a party's arguments in light of § 3553(a) where the record provides insufficient indication that it did so or no clear explanation of the sentence imposed.  (supra, *United States v. Scott*; see also, *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1116 (10th Cir. 2006)

While the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, the record must reflect that the district court adequately and properly considered the § 3553(a) sentencing factors and the advisory Guidelines range.  The record shows that the district court did not adequately explain the reason for the sentence that it imposed, and also failed to adequately and properly consider many of the factors under 18 USC § 3553(a).  (*United States v. Malcolm*, 2009 WL 1291661 (11th Cir. 2009)

**The Sentence Is Procedurally Unreasonable**

Mr. Marshall's sentence is procedurally unreasonable because the district court failed to adequately explain the chosen sentence.  18 USC § 3553(b)(2)(A)(i) concerning child crimes and sexual offenses states the following in relevant part:

> In sentencing a defendant convicted of an offense under section 1201 involving a minor victim, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described.
>
> In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission, together with any amendments thereto by act of Congress.

The district court failed to adequately explain which factor(s) it believed was not adequately taken into consideration by the sentencing guidelines.  Concerning the Guidelines, the district court said only the following:  The guidelines do not adequately reflect the seriousness of the offense, do not adequately promote respect for the law, and do not adequately provide just punishment.  Nor do the guidelines take into consideration the defendant's unusually cruel acts; the fact that there is "a direct victim"; and the fact that the events occurred over a long period

of time which is not "accounted for in the guidelines." (USDC # 53, Transcript 8/21 p. 35; USDC # 54, Transcript 8/22 pp. 9-12)

Although the district court mentioned several factors that it said it believed were not adequately considered by the Guidelines, it never said why it believed they were inadequately considered. The district court's statement during sentencing belies its assertion.

For example, the district court stated that the Guidelines do not reflect that there was "a direct victim." Yet, USSG § 2A3.1(b)(2)(B) specifically addresses this factor by increasing the defendant's offense level because the victim was between ages twelve and sixteen. USSG § 3A1.3 addresses the "direct victim" by increasing the defendant's offense level because the victim was restrained. USSG § 2A3.1(b)(3)(A) addresses the victim by adding offense level because she was in Mr. Marshall's care and control. USSG § 4B1.5 addresses the victim by adding offense levels because the conduct against the victim was ongoing. In fact, the district court increased Mr. Marshall's offense level by eleven levels precisely for these direct victim factors.

Another factor that the Guidelines did not adequately consider, claimed the district court, was the fact that the events occurred over a long period of time which is not "accounted for in the guidelines." However, USSG § 4B1.5(b)(1) specifically adds five offense levels because the events occurred over a long period

of time, and the court imposed these five levels when calculating Mr. Marshall's sentence.

The district court claimed that the Guidelines do not adequately reflect the seriousness of the offense. It did not say how. The district court claimed that the Guidelines do not adequately promote respect for the law, do not adequately provide just punishment, and do not take into consideration the defendant's unusually cruel acts. The court said the magic words but did not explain in even the briefest detail why the Guidelines range, which was 19.6 to 24.4 years in prison, did not adequately take into consideration these factors.

Since the district court failed to adequately explain the chosen sentence, particularly in light of 18 USC § 3553(b)(2) Mr. Marshall's sentence should be reversed as procedurally unreasonable.

### The Sentence Is Also Substantively Unreasonable

"The federal courts of appeals review federal sentences and set aside those they find 'unreasonable.'" (*Rita v. United States*, 551 U.S. 338, 341 (2007) "In sentencing, as in other areas, district judges at times make mistakes that are substantive. At times, they will impose sentences that are unreasonable. Circuit courts exist to correct such mistakes when they occur. Our decision in *Booker* recognized as much." (*Rita* at 2466-2467)

40

All sentences, whether within or without the Guidelines, are to be reviewed for reasonableness under an abuse of discretion standard. The sentencing court must give "serious consideration" to the extent of any departure from the guidelines, and must offer "sufficient justifications" for its conclusion that an unusually harsh or light sentence is appropriate. (*Gall* at 46) The justification for the deviation from the Guidelines range must be "sufficiently compelling to support the degree of the variance." (*Gall* at 50)

While rigid mathematical formulas cannot be used, "the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant. " (*Gall* at 41) "(A) major departure should be supported by a more significant justification than a minor one." (*Gall* at 50) "In other words, the justification for the variance must be 'sufficiently compelling to support the degree of the variance.'" (*Ivey* at 1187, citing *Gall*) In *Kimbrough v. United States*, 552 U.S. 85 (2007) the Court held that closer review is in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations.

The district court failed to adequately consider, and incorrectly considered, the following factors:

1.    The nature and circumstances of the offense and the history and characteristics of the defendant. (18 USC § 3553(a)(1)

2.    The need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public, and provide the defendant with corrective treatment.  (18 USC § 3553(a)(2)

4.    The Sentencing Guidelines range in effect on the date of sentencing or resentencing.

3.    The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  (18 USC § 3553(a)(6)

**The history and characteristics of the defendant**

Concerning 18 USC § 3553(a)(1) the district court must consider the nature and circumstances of the offense and the history and characteristics of the defendant.  Mr. Marshall's Neuropsychological Evaluation (USDC # 36) that was submitted prior to sentencing, found that Mr. Marshall was raised in a home characterized by abuse, alcoholism, and perceived sexual exposure from his father. He was sexualized at an early age.  Children who are sexualized at an early developmental age often experience confusion  regarding issues of sexual behavior, as well as increased interest and focus in sexual activities.  Marshall also had a long and significant history of substance abuse, particularly with alcohol, which may have served to compromise his judgment and impair his decision-making.  He was not hopeless, however, because his situation could be ameliorated

with psychiatric consultation and individual therapy to address his clinical, as well as his sex offender behavior.

No evidence was submitted by the Government, or assertion made in the Presentence Investigation Report, that challenged these findings.

Despite this important evidence concerning the history and characteristics of the defendant, the district court chose to ignore it.  In it its Order, the court said that the history and characteristics of the defendant were not a determinative "one way or the other."  (USDC # 43 p. 5)  Commenting on the evaluation during sentencing, the district court stated only that Marshall's "psychological reports are unremarkable." (USDC # 54, Transcript 8/11 p. 11)

The court did not say why.  It did not address anything contained in the Neuropsychological Report or any of its findings.  It did not address that the assertions contained in the report were unchallenged by the Government and Probation.  It did not address the report's finding that Mr. Marshall's actions were a result of abuse he suffered as a child and that such abuse was part of the cause of his condition.  It did not address that treatment could help his condition.

Mr. Marshall's sentence is substantively unreasonable because the district court failed to truly consider and address the evidence concerning Mr. Marshall's history and characteristics.  A sentencing court can reject evidence that explains a

43

defendant's actions if the rejection is based on reason and facts.  It cannot simply ignore it.

**The history and characteristics of the defendant.**
**The need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.**

Concerning 18 USC § 3553(a)(2) and (a)(6) the district court said that one of the reasons it was imposing an above-Guidelines sentence was because the facts of this case were more egregious than any he had observed during his tenure as a federal judge.  (USDC # 53, Transcript 8/21 p. 32)  But the court was not limited to formulating a sentence based upon only its experience in federal court.  A review of the judge's reported decisions shows that his experience with child sex crimes is limited.  Marshall's actions may well have been the most egregious seen by the court, but that should not have been a critical factor considering the limitations the district court imposed on its experience with child sex abuse cases.

The court could, and should have based Marshall's sentence on more than its personal experience in federal court.  To determine the nature and circumstances of Marshall's actions, the court needed a basis of comparison.  It should have considered sentences issued by other federal courts for defendants of like criminal histories convicted of like crimes.  Only in that way could the court adequately

determine whether the nature and circumstances of Marshall's offense justified a life sentence. This issue is more fully discussed in the ensuing section of this brief.

The district court also said that it was basing its sentence on its "guess" that the child will never lead a normal life and because "there was no way of telling" what toll his actions took on the rest of the family. (USDC # 53, Transcript 8/21 p. 33-34) The court should have obtained more reliable information than surmise when considering these issues toward a sentence.

Finally, the district court said that it was basing the sentence on the fact that Mr. Marshall is "despicable" and his conduct "overshadows what value he might have in the future." (USDC # 53, Transcript 8/21 p. 34) The court made no effort to explain why it believed Mr. Marshall could never have any value in the future or why his worth could not change in 24.4 years, the Guidelines maximum.

The district court stated that the guidelines do not adequately reflect the seriousness of the offense, do not adequately promote respect for the law, and do not adequately provide just punishment. Nor do the guidelines take into consideration the defendant's unusually cruel acts; the fact that there is "a direct victim"; and the fact that the events occurred over a long period of time which is not "accounted for in the guidelines." (USDC # 53, Transcript 8/21 p. 35; USDC # 54, Transcript 8/22 pp. 9-12) As previously discussed concerning procedural unreasonableness, the district court failed to explain why the Guidelines range of

19.6 to 24.4 years in prison did not adequately take into consideration these §

3553(a)(2) factors.

For these three reasons, Mr. Marshall's sentence is substantively

unreasonable.

**An Excessive Sentence That Is Substantively Unreasonable**

The need to adequately consider the Guidelines range under 18 USC §

3553(a)(4) and avoid unwarranted sentencing disparities under USC § 3553(a)(6)

are particularly important factors when reviewing the substantive reasonableness of

a sentence, because one of the primary purposes of appellate review of sentences is

to iron out differences in order to avoid undue disparity.  (*United States v. Booker*,

543 US 220, 264 (2005)

Mr. Marshall's sentence was a major departure from the Sentencing

Guidelines.  The Guidelines sentencing range, as calculated in the PSI and adopted

by the district court, is 235 to 293 months (i.e., 19.58 to 24.41 years) in prison.

Marshall's anticipated lifespan is 79.35 years, according to the Social Security

Administration Period Life Table (2009)  His life sentence, therefore, is on average

about twenty percent higher than the maximum allowable Guidelines sentence,

although the percentage could be much higher depending on how long Mr.

Marshall lives.  That is a shortcoming of a life sentence that exceeds the

Sentencing Guidelines: It is impossible to tell how disparate the difference between the Guidelines and actual sentence is except on hindsight after the defendant dies. (Marshall's sentence if also about fifty percent higher than the minimum Guidelines sentence.)

In *United States v. Smith*, 573 F.3d 639, 660 (8th Cir. 2009) a 33 percent variance (i.e., a 20-year sentence when the minimum guidelines sentence was 30 years) was deemed "a major variance." "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one – the requirement is that the justification be 'sufficiently compelling to support the degree of the variance.' *Gall*, 552 U.S. at 50, 128 S.Ct. at 597."

Yet, the justifications that the district court offered for its major variance upward in Mr. Marshall's sentence were insufficiently compelling to support the degree of the variance, and insufficiently compelling to support any upward variance. Mr. Marshall contends that the court's sentence created an unwarranted sentencing disparity because he would have received a lesser sentence had he been prosecuted in another federal court. (18 USC § 3553(a)(6); see also, *United States v. Docampo*, 573 F.3d 1091, 1101-1103 (11th Cir. 2009)

In *United States v. Irey*, 612 F.3d 1160, 1226 (11th Cir. 2010) for example, the defendant raped, sodomized, and sexually tortured fifty or more little girls,

some as young as four years of age, on many occasions over a four- or five-year period.  He also scripted, cast, starred in, produced, and distributed worldwide over 1200 "of some of the most graphic and disturbing child pornography that has ever turned up on the Internet."  According to the Court, the defendant's behavior was "the worst of the worst."  (*Irey* at 1220)

Irey had a final offense level of 43.  Marshall had a final offense level of 38.  Irey raped and tortured fifty or more very young children.  Marshall had sex with his teenage daughter and did not distribute images over the Internet.  Yet Ivey received thirty years in prison following an appeal by the Government while Marshall got life.

In *United States v. Irey* (at 1214, 129-1221) the Court cited those child sex abuse cases that it found justified the most severe sentences.   Here they are:

*United States v. Seljan*, 547 F.3d 993 (9th Cir. 2008):  A twenty-year sentence for a man with a prior sex offense conviction who had been going to the Philippines for about 20 years to have sex with children ages eight to 13 years and who kept a scrapbook and video collection of child pornography.

*United States v. Zastrow*, 534 F.3d 854 (8th Cir. 2008):  A twenty-year sentence for a man who coerced an eight-year-old girl for whom he provided after-school care into sexually explicit conduct, which he photographed.  Much like Mr. Marshall, Zastrow's total offense level was 37 and his criminal history category I.

*United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006):  A fifteen-year sentence for violating probation three times for receiving child pornography after having been sentenced to five years in jail for distributing child pornography.

*United States v. Frank*, 599 F.3d 1221 (11th Cir. 2010):  A thirty-year sentence for a man facing a life sentence who photographed sexually explicit acts that he had with many girls between ages 11 and 15 over several years.

*United States v. Culver*, 598 F.3d 740 (11th Cir. 2010):   A thirty-year sentence for a man who fell within criminal history category II who used tranquilizers and a stun gun to render his 13-year-old stepdaughter unconscious and produced a pornographic video of him having sex with her.  (His actual sentence was sixty years, but that included consecutive sentences for multiple charges.)

*United States v. Huskey*, 349 Fed.Appx. 495 (11th Cir. 2009): A 70-year consecutive sentence for a man with a total offense level of 48 who had anal, oral, and vaginal sex with his daughter while she was six to nine years old, photographed and videotaped the incidents, and traded images of the abuse over the Internet.

*United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009):  A 30-year sentence for a man facing a life sentence who had a total offense level of 43 and who had vaginal and oral sex with his 13-year-old stepdaughter over several months and

photographed the acts. (His actual sentence was 100 years, but that included consecutive sentences for multiple charges.)

*United States v. Kapordelis*, 569 F.3d 1291 (11th Cir. 2009): A twenty-year sentence for an anesthesiologist who, over a span of at least 20 years, drugged two boys ages 11 and 14 and photographed their genitalia; sexually molested and took digital videos and pictures of three other minors, some of whom he drugged; drugged his 16-year-old cousin and videotaped himself having sex with him; and possessed about 11,000 images and 400 videos of child pornography, some of which featured him molesting victims. (His actual sentence was 60 years, but that included consecutive sentences for multiple charges.)

*United States v. Wilcox*, 324 Fed.Appx. 805 (11th Cir. 2009): A 30-year sentence for a diabetic with no prior criminal history who took and posted on the Internet pornographic photos of himself sexually abusing an 11-year-old girl, attempted to gain commercially from the photographs, and possessed approximately 120 child pornography images that included a sadistic picture of a 5-year-old girl wearing a dog collar while being vaginally penetrated by an unidentified male. (His actual sentence was 45 years, but that included consecutive sentences for multiple charges.)

*United States v. Harris*, 291 Fed.Appx. 300 (11th Cir. 2008): A 30-year sentence for a man with a total offense level of 42 and criminal history category II

who recorded seven 15- and 16-year–old boys, two of whom were his godchildren,

engaging in sexual acts with each other in his bedroom, shared videos and

photographs depicting those occurrences with others, and on one occasion invited

his friend over to watch two underage males engage in sexual activities and filmed

as his friend had sex with one of them.

*United States v. Carter*, 292 Fed.Appx. 16 (11th Cir. 2008):  A 45-year

sentence for multiple convictions by a man who possessed approximately 4,800

files depicting sexual exploitation of at least eleven young girls ages seven to 14

which he distributed.  The images showed him having sex with at least two of the

girls.

*United States v. Oliver*, 281 Fed.Appx. 898 (11th Cir. 2008):  A 30-year

sentence for the defendant who produced images of himself molesting his 6-year-

old granddaughter and distributed those images over the Internet.  (His actual

sentence was 130 years, but that included five consecutive sentences.)

*United States v. Hodnett*, 210 Fed.Appx. 949 (11th Cir. 2006):  A 30-year

sentence for a man who possessed at least 600 images of child pornography, some

of which depicted prepubescent minors engaged in sexual activity; traded images

of child pornography over the Internet; kidnapped and raped a six-year-old girl;

engaged in oral sex with another six-year-old girl; and raped his two step-

daughters.

*United States v. Foster*, 209 Fed.Appx. 942 (11th Cir. 2006):  A life sentence for a man convicted of 41-counts who, during a four-year period, engaged in oral and vaginal sex with his daughter, who was less than 12 years old when the abuse began, and who told the girl that he would have sex with her younger sister if she did not cooperate.

*United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006):  A 50-year sentence for a man convicted of two counts and who had two prior convictions for lewd acts in front of minors.  He sexually abused and photographed three boys between the ages of eight and 16 over a six-year period, transmitted the images over the Internet, and transmitted at least 24 videos of children engaging in sexually explicit conduct.  (His actual sentence was 140 years, but that included three consecutive sentences.)

*United States v. Hersh*, 297 F.3d 1233 (11th Cir. 2002):  A 105-year sentence on multiple convictions for a man who, during 20 years, had sex with eight boys between eight and 17 years old; encouraged them to have sex with a fellow pedophile; convinced a Honduran family to allow their minor son to live with him illegally in the United States and had repeated sex with the boy over eleven years; and possessed at least 120 images of child pornography.  (His actual sentence was 105 years, but that included five consecutive sentences.)

These were the worst child sex abuse cases that this Court found. Yet even in these extreme cases, not one of the defendants with an equivalent offense level or criminal history received anything close to the life sentence that Mr. Marshall received. Nor did the courts vary above the maximum allowable Guidelines sentence. Most of these cases involved multiple victims, acts of extreme brutality, or both. Many involved prepubescent victims. In most of the cases, the defendant took and distributed images of his sex acts with his victim(s).

Conversely, Marshall's crime involved a single teenage victim, no comparable violence, and no distribution of images. Mr. Marshall's actions cannot be considered the worst of the worst of sex abuse cases. Yet even in the worst of the worst cases, defendants received a sentence that was for a term of years while Marshall received a life sentence. In short, Marshall's upward sentence departure from the Guidelines range is so out of sync with federal sentences in other child sex-related cases as to warrant reversal of his sentence.

Besides being reversible under 18 USC 3553(a) Mr. Marshall's disproportionate sentence resulted in a cruel and unusual punishment that violated the Eighth Amendment. The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (U.S. Const. 8th Amend.) Marshall's sentence is grossly disproportionate to the offense for which he was convicted committed when

53

compared to like crimes of, and sentences received by, other defendants.  (*United States v. Raad*, 406 F.3d 1322 (11th Cir. 2005)

### **Conclusion**

Mr. Marshall's sentence is procedurally unreasonable because the district court failed to adequately explain the chosen sentence.  It is substantively unreasonable because it did not adequately and properly consider the factors contained in 18 USC §§ 3553(a).  For these reasons, and because Mr. Marshall's sentence was much higher than the minimum and maximum allowable Guidelines sentences, which are the sentences to which the parties and Department of Probation agreed were appropriate, his sentence should be vacated.  The district court's error deprived Mr. Marshall of due process and a fair sentence.  (U.S. Const. 5th, 8th Amends.; 18 USC § 3553(a); supra, *Gall v. United States*; *United States v. Goveo-Zaragoza*, 311 Fed.Appx. 235 (11th Cir. 2009)

## **CONCLUSION**

For the foregoing reasons, Mr. Marshall respectfully prays of this Court to reverse his sentence, and for such further relief that is appropriate.

Respectfully submitted,

*/s/ Mark Diamond*
MARK DIAMOND
Attorney for Appellant

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed.R.Appl.P.

32(a)(7)(B) because it contains 11,341 words.

*/s/ Mark Diamond*
Mark Diamond
Attorney for Appellant

# Docket 13-14095-DD

---

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**

**Appellee,**

**v.**

**SHAWN MARSHALL,**

**Appellant.**

---

**CERTIFICATE OF SERVICE**

---

MARK DIAMOND, an attorney admitted before the U.S. Court of Appeals for the Eleventh Circuit, certifies that on April 30, 2014, I filed the Appellant's Brief with the Clerk, U.S. Court of Appeals, 56 Forsyth Street, NW, Atlanta, GA 30303, and served one copy on Mr. Andrew Searle, U.S. Attorney's Office, 400 West Washington Street, Suite 300, Orlando, FL 32805, and Mr. Shawn Marshall, 58253-018, USP Tucson, 9300 South Wilmot Road, Tucson, AZ 85756, by first-class mail through the U.S. Post Office, as well as electronically with the Court.

/s/ Mark Diamond
Attorney for Appellant