No. 13-14095-DD

# In the
# United States Court of Appeals
# for the Eleventh Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

SHAWN MARSHALL,

*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 6:13-CR-53-ORL-28KRS

## BRIEF OF THE UNITED STATES

A. LEE BENTLEY, III
United States Attorney

KARIN B. HOPPMANN
Assistant United States Attorney
Appellate Division

YVETTE RHODES
Assistant United States Attorney
Appellate Division
Florida Bar No. 508527
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

August 15, 2014

*United States v. Shawn Marshall*
No. 13-14095-DD

**Certificate of Interested Persons
and Corporate Disclosure Statement**

In addition to the persons identified in the Certificate of Interested

Persons and Corporate Disclosure Statement in Shawn Marshall's principal

brief, the following persons have an interest in the outcome of this case:

1. Bentley, III, A. Lee, United States Attorney;

2. Crawford, Craig L., Assistant Federal Defender;

3. Diamond, Mark, Esq.;

4. Elm, Donna Lee, Federal Defender;

5. Hoppmann, Karin B., Assistant United States Attorney;

6. Langs, Stephen J., Assistant Federal Offender;

7. Minor victim whose identity is protected;

8. Rhodes, David P., Assistant United States Attorney,
   Chief, Appellate Division;

9. Rhodes, Yvette, Assistant United States Attorney; and

10. Spaulding, Hon. Karla R., United States Magistrate Judge.

## Statement Regarding Oral Argument

The United States does not request oral argument. Marshall raises straight-forward sentencing issues in this appeal, which the briefs thoroughly address.

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement......... C-1

Statement Regarding Oral Argument ................................................................i

Table of Contents .........................................................................................ii

Table of Citations ........................................................................................iv

Statement of Jurisdiction ..............................................................................x

Statement of the Issues ............................................................................... 1

Statement of the Case ................................................................................. 1

    *Course of Proceedings*................................................................................ 2

    *Statement of the Facts* ............................................................................. 3

    1.    Marshall's Offense ....................................................................... 3

    2.    The Sentencing Proceedings......................................................... 5

    *Standard of Review* .................................................................................. 10

Summary of the Argument .......................................................................... 11

Argument and Citations of Authority .......................................................... 12

    I.    The district court adequately explained the chosen life
          sentence................................................................................... 12

    II.    The life sentence imposed for Marshall's repeated sexual
          abuse of his teenage daughter by placing her in fear is
          substantively reasonable............................................................. 17

III.    Marshall has waived review of his argument that the district court erred, in violation of the Eighth Amendment, in imposing his sentence, and, if not, the court did not plainly err by imposing his life sentence within the statutory limits for his crime.............................................................................. 25

Conclusion................................................................................................ 30

Certificate of Compliance with Type-Volume Limitation

Certificate of Service

# Table of Citations

## Cases

*Doe v. Moore*,
　410 F.3d 1337 (11th Cir. 2005) ................................................................... 26

*\*Flanigan's Enters., Inc. v. Fulton County, Ga.*,
　242 F.3d 976 (11th Cir. 2001) .............................................................10, 26

*Gall v. United States*,
　552 U.S. 38, 128 S. Ct. 586 (2007) .....................................................14, 19

*Harmelin v. Michigan*,
　501 U.S. 957, 111 S. Ct. 2680 (1991) ...................................................... 28

*\*Rita v. United States*,
　551 U.S. 339, 127 S. Ct. 2456 (2007) ...................................................... 14

*Solem v. Helm*,
　463 U.S. 277, 103 S. Ct. 3001 (1983) ...................................................... 27

*United States v. Alvarez*,
　472 F. App'x 880 (11th Cir. 2012) ........................................................... 13

*United States v. Amedeo*,
　487 F.3d 823 (11th Cir. 2007) .................................................................. 18

*United States v. Beckles*,
　565 F.3d 832 (11th Cir. 2009) .................................................................... 3

*United States v. Carter*,
　292 F. App'x 16 (11th Cir. 2008) .......................................................23, 25

*United States v. Cephus*,
　684 F.3d 703 (7th Cir.),
　*cert. denied*, 133 S. Ct. 807 (2012) ......................................................... 29

iv

*United States v. Cotton*,
   535 U.S. 625, 122 S. Ct. 1781 (2002) ........................................ 26

*United States v. Culver*,
   598 F.3d 740 (11th Cir. 2010) ................................................... 24

*United States v. Docampo*,
   573 F.3d 1091 (11th Cir. 2009) ................................................ 22

*United States v. Estrada*,
   261 F. App'x 203 (11th Cir. 2008) ........................................... 17

*United States v. Farley*,
   607 F.3d 1294 (11th Cir. 2010) ................................................ 28

*United States v. Flanders*,
   752 F.3d 1317 (11th Cir. 2014) ................................... 10, 26, 29

*United States v. Flores*,
   572 F.3d 1254 (11th Cir. 2009) ................................................ 27

*United States v. Foster*,
   209 F. App'x 942 (11th Cir. 2006) ........................................... 24

*United States v. Gonzalez*,
   550 F.3d 1319 (11th Cir. 2008) ................................................ 13

*United States v. Haile*,
   685 F.3d 1211 (11th Cir. 2012),
   *cert. denied*, 133 S. Ct. 1723 (2013) ..................................... 10

*United States v. Harris*,
   291 F. App'x 300 (11th Cir. 2008) ......................................23, 25

*United States v. Hecht*,
   470 F.3d 177 (4th Cir. 2006) .................................................... 14

*United States v. Hersh*,
   297 F.3d 1233 (11th Cir. 2002) ................................................ 22

v

*United States v. Hodnett*,
    210 F. App'x 949 (11th Cir. 2006) ............................................................ 25

*United States v. Huskey*,
    349 F. App'x 495 (11th Cir. 2009) ............................................................ 24

*United States v. Irey*,
    612 F.3d 1160 (11th Cir. 2010) ..................................................... 18, 19, 22

*United States v. Jernigan*,
    341 F.3d 1273 (11th Cir. 2003) ................................................................ 26

*United States v. Johnson*,
    451 F.3d 1239 (11th Cir. 2006) ................................................................ 24

*United States v. Kapordelis*,
    569 F.3d 1291 (11th Cir. 2009) ................................................................ 23

*United States v. MacEwan*,
    445 F.3d 237 (3d Cir. 2006) ..................................................................... 23

*United States v. McGarity*,
    669 F.3d 1218 (11th Cir), *cert. denied* 133 S. Ct. 551 (2012) ...................... 28

*United States v. Mozie*,
    752 F.3d 1271 (11th Cir. 2014) ................................................................ 28

*United States v. Newsome*,
    998 F.2d 1571 (11th Cir. 1993) ................................................................ 17

*United States v. Overstreet*,
    713 F.3d 627 (11th Cir.), *cert. denied*, 134 S. Ct. 229 (2013) ...................10, 17

*United States v. Parrado*,
    911 F.2d 1567 (11th Cir. 1990) ................................................................ 15

*United States v. Paton*,
    535 F.3d 829 (8th Cir. 2008) ................................................................... 29

*United States v. Pugh*,
    515 F.3d 1179 (11th Cir. 2008) ................................................................. 18

*United States v. Raad*,
    406 F.3d 1322 (11th Cir. 2005) ...........................................................26, 29

*United States v. Reynolds*,
    215 F.3d 1210 (11th Cir. 2000) ................................................................. 27

*United States v. Rodriguez*,
    628 F.3d 1258 (11th Cir. 2010) ................................................................. 19

*United States v. Sarras*,
    575 F.3d 1191 (11th Cir. 2009) ................................................................. 24

*United States v. Schultz*,
    565 F.3d 1353 (11th Cir. 2009) ................................................................. 27

*United States v. Scott*,
    426 F.3d 1324 (11th Cir. 2005) ................................................................. 14

*United States v. South*,
    359 F. App'x 960 (11th Cir. 2010) ........................................................... 29

*United States v. Tome*,
    611 F.3d 1371 (11th Cir. 2010) ................................................................. 13

*United States v. v. Seljan*,
    547 F.3d 993 (9th Cir. 2008) .................................................................... 23

*United States v. Valnor*,
    451 F.3d 744 (11th Cir. 2006) ................................................................... 25

*United States v. Weeks*,
    711 F.3d 12551 (11th Cir.), *cert. denied*, 134 S. Ct. 311 (2013) ...............10, 13

*United States v. Wilcox*,
    324 F. App'x 805 (11th Cir. 2009) .....................................................23, 25

*United States v. Worsham*,
   479 F. App'x 200 (11th Cir. 2012) ........................................................... 28

*United States v. Zastrow*,
   534 F.3d 854 (8th Cir. 2008) ................................................................. 23

## Statutes

18 U.S.C. § 7 ............................................................................................. 2

18 U.S.C. § 2242(1) ........................................................................... 2, 15

18 U.S.C. § 2423(a) ................................................................................. 2

18 U.S.C. § 3231 ..................................................................................... x

18 U.S.C. § 3553(a) .............................................................8, 9, 11, 18, 19

18 U.S.C. § 3553(b)(2) .....................................................................12, 13

18 U.S.C. § 3553(b)(2)(A)(i) ................................................................ 14

18 U.S.C. § 3742(a) ................................................................................ x

28 U.S.C. § 1291 ..................................................................................... x

## Rules

Fed. R. App. P. 4(b) ................................................................................ x

## Other Authorities

USSG §2A3.1............................................................................................ 15

USSG §2A3.1(b)(2)(B).............................................................................. 15

USSG §2A3.1(b)(3)(A) ............................................................................. 15

USSG §3A1.3...................................................................................... 15

USSG §4B1.5(b)(1)........................................................................ 15, 18, 21

USSG §5K2.8.................................................................................... 20

## Statement of Jurisdiction

This is an appeal from a final judgment of the United States District Court for the Middle District of Florida in a criminal case. That court had jurisdiction, *see* 18 U.S.C. § 3231, and entered the judgment against Shawn Marshall on August 27, 2013, Doc. 44. Marshall timely filed a notice of appeal on August 29, 2013. Doc. 45; *see* Fed. R. App. P. 4(b). This Court has jurisdiction over this appeal, s*ee* 28 U.S.C. § 1291, and authority to examine Marshall's challenges to his sentence, *see* 18 U.S.C. § 3742(a).

## Statement of the Issues

I.     Whether the district court adequately explained the chosen life sentence.

II.    Whether the life sentence imposed for Marshall's repeated sexual abuse
       of his teenage daughter by placing her in fear is substantively reasonable.

III.   Whether Marshall has waived his argument that his life sentence is cruel
       and unusual punishment in violation of the Eighth Amendment, and, if
       not, whether the district court plainly erred by violating the Eighth
       Amendment by imposing his life sentence, which was within the
       statutory limits for his crime.

## Statement of the Case

Shawn Marshall was convicted of sexually abusing his teenage daughter
by threatening her and placing her in fear. The district court imposed a
statutory-maximum sentence of life imprisonment to reflect the seriousness of
Marshall's conduct, to promote respect for the law, and to provide just
punishment for his unusually egregious conduct, which had included his
physical restraint of his daughter by locking her in a bathroom with him,
pinning her arms behind her back, and wrapping an electrical cord around her
throat. Marshall now argues that the district court failed to explain his sentence
and that his sentence is too long. He also argues for the first time that the

1

sentence is cruel and unusual punishment under the Eighth Amendment. His arguments fail.

## *Course of Proceedings*

Marshall was charged by indictment with transporting a minor in interstate commerce with the intent that the minor engage in sexual activity, in violation of 18 U.S.C. § 2423(a), and with, while within the territorial jurisdiction of the United States, causing a minor female to engage in a sexual act by threatening or placing her in fear in violation of 18 U.S.C. §§ 2242(1) and 7. Doc. 10. Marshall pleaded guilty to the latter offense pursuant to a plea agreement, which included a sentence-appeal waiver that allowed Marshall to appeal, among other things, an upward variance and a purported Eighth Amendment violation. Docs. 27, 28, 33. The district court varied above Marshall's guidelines range of 235 to 293 months' imprisonment and sentenced him to serve life imprisonment. Doc. 41.

This appeal followed. Doc. 45.

2

### *Statement of the Facts*

**1.    Marshall's Offense[1]**

While he was enlisted in the United States Air Force, Marshall and his family lived in various places, including Hawaii and Patrick Air Force Base in Brevard County, Florida. PSR ¶ 9. Marshall had several children, including a daughter, who was 12 to 15 years old between April or May 2008 and November 2012. PSR ¶¶ 9, 48. During that time, Marshall repeatedly raped that daughter, both vaginally and orally. PSR 9.

While his family lived in Hawaii, Marshall had forced vaginal intercourse with his daughter numerous times. PSR ¶ 11. Marshall also demanded that his daughter perform oral sex on him, including asking her to get on her knees while he penetrated her vaginally. PSR ¶ 11. Marshall usually engaged in these sexual acts when family members were out of the home. PSR ¶ 11.

After a move to Florida, the family lived temporarily in hotels. PSR ¶ 12. During that time, Marshall attempted to create situations where he could be alone with his daughter by asking his wife to run errands or asking other family

---

[1]The facts pertaining to Marshall's conduct come from the undisputed facts in the presentence investigation report ("PSR"), *see* Doc. 53 at 4, which Marshall is deemed to have admitted, *see United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009).

3

members to leave the room. PSR ¶ 12. Those efforts proved unsuccessful. PSR ¶ 12.

After the family moved to a townhouse on Patrick Air Force Base, however, Marshall resumed raping his daughter. PSR ¶ 13. The sexual abuse typically occurred in various rooms in their home while Marshall's wife was at work, and the abuse consisted of Marshall vaginally penetrating his daughter. PSR ¶ 13. Sometimes, the sexual abuse occurred in the bathroom, with Marshall bending his daughter over the sink and penetrating her vaginally. PSR ¶ 13. The sexual abuse also included "quickies" in the dining room, with Marshall penetrating his daughter vaginally as he bent her over a table. PSR ¶ 13. And Marshall raped his daughter the home's master bedroom. PSR ¶ 13.

Marshall drank regularly and excessively in his daughter's presence and, while intoxicated, he often became extremely violent. PSR ¶ 10. During one of Marshall's tirades, his daughter saw him pick up the futon where her mother had been lying and turn it on top of the mother. PSR ¶ 10. Marshall's daughter also saw him throw furniture and punch the walls and doors in their home. PSR ¶ 10. Because of Marshall's excessive drinking and violent behavior, his daughter feared that he would harm her physically. PSR ¶ 10.

Eventually, Marshall indeed used physical force on his daughter. PSR ¶¶ 11, 14. Marshall once pinned his daughter's arms behind her back while

4

vaginally penetrating her with his penis. PSR ¶ 14. During another sexual encounter, Marshall wrapped an amplifier cord around his daughter's throat. PSR ¶ 14. On another occasion, Marshall called his daughter into his bedroom, told her to remove her shirt, and, when she failed to comply promptly, pulled her shirt off and penetrated her vaginally. PSR ¶ 14. He also forced his daughter to remove her clothes while he masturbated, and he showed her pornography on his laptop computer. PSR ¶ 14. Marshall told his daughter that she would destroy her family if she reported the rapes. PSR ¶ 15.

Ultimately, Marshall's daughter told her mother that he had been sexually abusing her for years. PSR ¶ 16. When Marshall's wife confronted him, he admitted, "I know I've destroyed us." PSR ¶ 16. Marshall's wife also told authorities that he once had threatened to rape their daughter if the wife refused to have sex with him. PSR ¶ 17.

## 2.    The Sentencing Proceedings

The United States Probation Office recommended that the district court establish Marshall's sentencing range at 235 to 293 months' imprisonment. PSR ¶ 61. Although Marshall's counsel stated that Marshall's conduct was "extremely evil," "despicable and reprehensible," and "at or near the top of egregiousness," he asked that the district court vary downward from the guidelines range and impose a sentence of no more than 20 years'

5

imprisonment to afford Marshall the opportunity to rehabilitate himself while incarcerated and possibly to reestablish a relationship with his daughter upon release. Doc. 53 at 9–14. Marshall stated that he was remorseful, admitting that he had "destroyed an entire family." Doc. 53 at 14. He asked the court for mercy to allow him to rehabilitate himself and to deter others from similar conduct. Doc. 53 at 15.

Marshall also submitted to the district court a neuropsychological evaluation from two psychologists. Doc. S-38; *See* Doc. 53 at 9. The psychologists reported that Marshall said that his father was an angry, physically abusive alcoholic, who kept stacks of pornographic magazines in the family's home, created sexually explicit sculptures, and sexually assaulted Marshall's sister, causing Marshall's parents' divorce. Doc. S-38 at 2. Marshall also said that he had struggled academically since third grade, abused alcohol from his high school graduation until his arrest in this case, felt intense remorse for his actions in this case, and regretted the missed opportunities that had resulted from failure to control his anger and excessive drinking. Doc. S-38 at 2–3. The results of a battery of personality and psychological tests showed average to above-average scores for Marshall's intelligence, intellectual functioning, executive functioning, and verbal and visual memory. Doc. S-38 at 3–8. The psychologists determined that Marshall had a significant history of

6

difficulties in developing healthy peer relationships and in relating appropriately in social situations. Doc. S-38 at 9. They also determined that Marshall had a significant history of substance abuse that had caused adverse consequences in his social relationships and in his functioning in the community and may have compromised his judgment and impaired his decision-making. Doc. S-38 at 9. Therefore, they recommended that Marshall undergo a psychiatric evaluation to address whether medication management could alleviate his anxiety and depression symptoms and engage in individual therapy to address his clinical and sex offender behaviors. *See* Doc. S-38 at 9.

Abiding by the terms of the plea agreement, the prosecutor recommended that the district court impose Marshall's sentence within his guidelines range. Doc. 53 at 19, 27; *see* Doc. 27 at 3. The prosecutor also read a letter from Marshall's wife that chronicled the consequences that Marshall's family had experienced as a result of his crime. Doc. 53 at 19–26. Mrs. Marshall stated that the memory of Marshall's crime probably would remain with her daughter forever, that her sons were questioning their worth and value because they had trusted their father to train them to be good men, that her other daughters had tried to hide their own pain and to be brave, that, without Marshall's financial support (including benefits for sorely needed psychological care), she alone had to support her family, and that knowing that

7

Marshall could not hurt anyone else would give her daughter "a small amount of comfort and peace" and knowledge that "some justice was served." Doc. 53 at 19–26. Therefore, Mrs. Marshall asked the court to impose the maximum lawful punishment. Doc. 53 at 21.

After considering the parties' arguments and recommendations and the 18 U.S.C. § 3553(a) factors, including the singular egregiousness of Marshall's conduct, his military service, and his guidelines range, the district court imposed a sentence of life imprisonment. Doc. 53 at 31–35. The court determined that a life sentence was reasonable because the sentencing guidelines did not account for Marshall's infliction of pain, torture, and mental and physical abuse on his own daughter for at least two years or for the likelihood that his family will not "have much hope of ever erasing all of this." Doc. 53 at 33–34. Based upon its experience in federal and state cases involving similar conduct, the court stated further that a guidelines-range sentence would neither adequately reflect the seriousness of Marshall's offense, adequately promote respect for the law, adequately provide just punishment in this case, nor adequately deter future criminal conduct. Doc. 53 at 34–35. The court also commented that Marshall's conduct "overshadow[ed] what value he might have in the future." Doc. 53 at 34.

8

Marshall objected to the district court's calculation of his sentencing range and to its imposition of "a sentence above the calculated guideline range." Doc. 53 at 40. In his motion to reconsider sentence, Marshall argued that his life sentence was unreasonable and greater than necessary "to meet the stated goals of sentence under section 3553(a)." Doc. 39 at 1–2. He did not, however, specifically address any of the section 3553(a) factors. *See* Doc. 39.

In its oral pronouncement at a continued sentencing hearing (convened primarily to determine whether Marshall was entitled to notice of the district court's upward variance), the court reiterated that, when imposing Marshall's sentence, it had considered the PSR, Marshall's neuropsychological evaluation, Marshall's oral statement and the parties' arguments at sentencing, and all section 3553(a) factors. Doc. 54 at 7–11. The court also discussed each of those factors, stating that it had given primary importance to the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Doc. 54 at 2, 7–12; *see* Doc. 43. The court specifically determined that a lesser sentence would not meet the statutory goals of sentencing. Doc. 43 at 7; *see* Doc. 54 at 12. Accordingly, the court denied Marshall's motion to reconsider sentence. Doc. 43 at 7. Marshall did not object to the court's explanation of its sentencing decision. Doc. 54.

9

### *Standard of Review*

I., II.  This Court ordinarily reviews a sentence's reasonableness under a deferential abuse-of-discretion standard. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir.), *cert. denied*, 134 S. Ct. 229 (2013). Because Marshall failed to challenge the sufficiency of the district court's explanation of its sentencing decision, however, this Court should review his procedural reasonableness challenge only for plain error. *See United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir.), *cert. denied*, 134 S. Ct. 311 (2013).

III.    This Court ordinarily reviews de novo whether a defendant's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. *United States v. Haile*, 685 F.3d 1211, 1222 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1723 (2013). Because Marshall gives his Eighth Amendment argument only perfunctory treatment in his opening brief, he has waived this Court's review of the issue. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001). If Marshall has not waived review of his Eighth Amendment argument, this Court should review it only for plain error because he did not raise it in the district court. *See United States v. Flanders*, 752 F.3d 1317, 1342 (11th Cir. 2014).

## *Summary of the Argument*

I.      The district court adequately explained Marshall's life sentence. After considering the parties' arguments, Marshall's psychological evidence and statement, Mrs. Marshall's heartfelt letter explaining how he had destroyed his daughter's life and his entire family, and the 18 U.S.C. § 3553(a) factors, the court explained that a 235- to- 293-month, guidelines-range sentence was woefully insufficient to account for Marshall's repeated, "cruel and despicable" victimization of his daughter and the fact that his family likely will never fully recover from his crime. That explanation suffices, especially under plain-error review.

II.     Although Marshall's life sentence represents a variance above his sentencing range, he has failed to show that his sentence is substantively unreasonable. As the district court explained, a life sentence was warranted because Marshall's crime against his own daughter had been particularly egregious, because the guidelines had failed to account for the duration of the abuse and Marshall's threatening behavior designed to silence his victim and because a lesser sentence simply would not have promoted respect for the law, provided just punishment, or deterred similar crimes. Marshall's comparison of his life sentence to sentences imposed against others is unavailing because those cases did not involve a father's repeated rape of his own daughter. And

11

Marshall's disagreement with the court's assessment of the section 3553(a) factors affords him no relief.

III.    Because Marshall has failed to explain exactly how his sentence violates the Eighth Amendment, he has waived this Court's review of that argument. If not, Marshall has failed to show that the district court plainly erred by imposing his life sentence. The sentence is not cruel or unusual punishment because the sentence lies within the statutory limits for Marshall's crime, because the sentence is not grossly disproportionate to his crime, and because a comparison of the sentences imposed on others for similar conduct—which this Court need not make given Marshall's failure to establish disproportionality—supports the imposition of his sentence.

## Argument and Citations of Authority

### I.    The district court adequately explained the chosen life sentence.

Marshall argues that the district court violated 18 U.S.C. § 3553(b)(2) by failing to explain adequately the chosen life sentence. Marshall's brief at 38–40. He argues specifically that the district court "said the magic words but did not explain even in the briefest detail why the guidelines range … did not adequately take into consideration the [18 U.S.C. § 3553(a)] factors." Marshall's brief at 40. Despite several opportunities, however, Marshall he

12

failed to object below to the district court's compliance with section 3553(b)(2). *See* Doc. 39 at 1; Doc. 53 at 40; Doc. 54. Therefore, this Court should review this claim only for plain error. *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir.), *cert. denied*, 134 S. Ct. 311 (2013); *United States v. Alvarez*, 472 F. App'x 880, 881 (11th Cir. 2012) (reviewing for plain error procedural argument that district court failed to explain adequately its sentencing decision). Marshall has not met that burden because the record contradicts his assertions.

A sentence may indeed be procedurally unreasonable if, among other things, the district court fails to adequately explain the chosen sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). The party challenging the sentence, however, bears the burden of establishing its unreasonableness in light of the record and the section 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

For offenses like Marshall's, section 3553(b)(2) provides:

[T]he court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described[.]

In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the

13

      Sentencing Commission, together with any amendments thereto
by act of Congress.[2]

18 U.S.C. § 3553(b)(2)(A)(i). Under a post-*Booker* sentencing regime, a

sentencing court must adequately explain its chosen sentence—including an

explanation for any deviation from the guidelines range—to allow for

meaningful appellate review and to promote the perception of fair sentencing.

*See Gall v. United States,* 552 U.S. 38, 50–51, 128 S. Ct. 586, 597 (2007). The

court "should set forth enough to satisfy the appellate court that he has

considered the parties' arguments and has a reasoned basis for exercising his

own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 339, 356,

127 S. Ct. 2456, 2468 (2007). The court need not discuss or explicitly state on

the record that it has considered each section 3553(a) factor. *United States v.

Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "Simply stated, a sentencing court

should be mindful of the factors to be considered in imposing a sentence when

explaining its reasons for imposing a particular sentence and should tailor its

---

[2]Congress enacted 18 U.S.C. § 3553(b)(2) as part of the Prosecutorial
Remedies and Other Tools to End the Exploitation of Children Today Act of
2003, (the "PROTECT Act") Pub. L. No. 108-21, 117 Stat. 650 (2003). Section
3553(b)(2) codified certain mandatory sentencing provisions applicable to child
and sexual offenses. As written, "section 3553(b)(2) suffers from the same
defects [later] identified in *Booker* and requires the same remedy—excising and
severing section 3553(b)(2) and replacing it with an advisory guidelines regime
under which sentences are reviewed for reasonableness." *See United States v.
Hecht*, 470 F.3d 177, 182 (4th Cir. 2006).

statement accordingly." *United States v. Parrado*, 911 F.2d 1567, 1573 (11th Cir. 1990) (quotation marks omitted).

For Marshall's conviction under 18 U.S.C. § 2242(1), the district court calculated his offense level under USSG §2A3.1. *See* PSR ¶ 24. That guideline allowed victim-related offense-level increases because, at the time of Marshall's offense, his victim had been between 12 and 15 years old and had been in his custody, care, or supervisory control. USSG §§2A3.1(b)(2)(B), (b)(3)(A); *see* PSR ¶¶ 25–26. The guidelines provided for additional increases because Marshall had restrained his victim and because he had been convicted of a sex crime and had a pattern of activity involving prohibited sexual conduct. USSG §§3A1.3, 4B1.5(b)(1); *see* PSR ¶¶ 27, 31. Because the guidelines failed to account for Marshall's particularly egregious, repeated victimization of his own daughter (and, ultimately, his entire family), the district court determined that a upward variance was warranted. Doc. 43; Doc. 53 at 33–34; Doc. 54 at 12. The court explained:

> Unlike so many crimes prosecuted in this court, there is a direct victim. That victim is a child who was entitled to the protection of a father. Defendant was a father only in a biological sense—he betrayed the trust he owed and deprived the victim of a normal childhood. The Government presented a letter from the victim's mother that described the devastation to Defendant's family caused by Defendant's conduct, but it understates the damage Defendant has inflicted on the victim.

15

Doc. 43 at 4. Although the court was unable to determine the precise

number of occasions that Marshall had raped his daughter, the court also

stated that the protracted and coercive nature of his abuse further

justified the upward variance:

> Although there is a 5-level increase pursuant to USSG
> §4B1.5(b)(1), the guidelines do not account for the duration of the
> abuse suffered by the victim. The guidelines also fail to adequately
> take into account the repeated threats made to the victim in a
> successful effort to keep her from seeking help by reporting the
> abuse. Thus, Defendant was able to continue the abuse.

Doc. 43 at 3, 5–6; *see* Doc. 53 at 33–34 ("[H]ere is the man whose role it was to

protect this child inflicting this kind of pain and torture, mental and physical

abuse on his own daughter. … It's not possible to right this wrong.").

Because Marshall's sexual abuse was "despicable" and "at the

high end of a scale of egregiousness of the cases … in federal court," and

because Marshall's daughter's recovery from what she had endured was

improbable, the district court determined that the sentencing guidelines

did not adequately reflect the seriousness of Marshall's offense,

adequately promote respect for the law, or adequately provide just

punishment in this case. Doc. 53 at 32–33, 35. Therefore, the court

concluded that a sentence of less than life imprisonment "would not

meet th[e] statutorily mandated goals of sentencing." Doc. 43 at 7. The

16

court's explanation of Marshall's sentence was sufficient to show that it exercised a reasonable basis for its sentence, and it adequately explained its particular reasons for the sentence. Accordingly, Marshall has failed to show that the district court procedurally erred, plainly or otherwise, in explaining its sentencing decision.

## II.    The life sentence imposed for Marshall's repeated sexual abuse of his teenage daughter by placing her in fear is substantively reasonable.

Marshall also argues that his life sentence is substantively unreasonable because the district court failed to consider adequately and correctly some of the section 3553(a) factors. Marshall's brief at 40–54. Ordinarily, this Court reviews a sentence's reasonableness under a deferential abuse-of-discretion standard. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir.), *cert. denied*, 134 S. Ct. 229 (2013). But this Court should review Marshall's argument only for plain error because he failed to object at the continued sentencing hearing to the district court's consideration of the section 3553(a) factors. *See* Doc. 54; *see also* Doc. 43; *United States v. Newsome*, 998 F.2d 1571, 1579 (11th Cir. 1993); *United States v. Estrada*, 261 F. App'x 203, 209–10 (11th Cir. 2008). Regardless

17

of the standard this Court employs, Marshall's substantive reasonableness argument fails.[3]

This Court examines whether a sentence is substantively unreasonable in light of totality of the circumstances and the section 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). A district court may impose a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (quotation marks omitted). The weight to be accorded any given section 3553(a) factor, however, is a matter committed to the sound discretion of the district court, and this Court will not substitute its judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). Moreover, although Marshall's sentence is outside his guidelines range, and this Court therefore may consider the extent of the variance in assessing the sentence's reasonableness, it still must defer to the

---

[3]Marshall also argued that the district court had erred by enhancing his offense level under USSG §4B1.5(b)(1), based on a prior sexual-offense conviction, and he suggested that the procedural error made the substantive unreasonableness of his life sentence "more egregious." Marshall's brief at 26–30. This Court determined that the sentence-appeal waiver in Marshall's plea agreement foreclosed his guidelines-calculation argument and dismissed the appeal as to that issue.

18

district court's decision that the section 3553(a) factors, on a whole, justify the sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. An upward variance may rest upon facts that have already been taken into account to some extent in calculating the guideline range. *See United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

Marshall's burden of establishing that his sentence is substantively unreasonable is heavy. *See Gall,* 552 U.S. at 51, 128 S. Ct. at 597; *Rodriguez*, 628 F.3d at 1264. Even if this Court thinks that a different sentence would have been appropriate, reversal is not warranted. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. This Court will remand for resentencing only if the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted). Marshall has not met his heavy burden to establish that his sentence is substantively unreasonable.

As discussed above, the district court evaluated each of the section 3553(a) factors before imposing Marshall's sentence. The court stated that the nature and circumstances of the offense weighed heavily against Marshall because the undisputed PSR facts showed that his daughter had complied with his sexual demands based upon a well-founded fear that he would harm her

19

physically if she refused and that she otherwise would be responsible for destroying their family; that his vaginal and oral penetration of his daughter sometimes had been "aggressive and forceful"; and that Marshall's conduct had been among the most egregious that the court had encountered, due primarily to Marshall's repeated victimization of his own child. Doc. 43 at 3–4. These factors certainly were relevant to the court's sentencing calculus. *See* USSG §5K2.8 (encouraging upward departure "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim").

The district court also determined, contrary to Marshall's argument, that his history and characteristics should not mitigate his sentence. Doc. 43 at 4–5. Marshall asserts that the court ignored the psychological evaluation that he submitted to support his request for a below-guidelines range sentence. Marshall's brief at 42–44. But the court specifically considered it, stating that it had "relied on" the evaluation's report that: "Defendant is of above average intelligence and is not diagnosed as having a mental illness. Defendant has a history of alcohol abuse, but he has no history of mental illness. He scores 'high average' or 'above average' on intelligence tests and has an 'average' memory." Doc. 43 at 4–5. The court simply did not find that Marshall's past weighed in favor of a lesser sentence. Indeed, at sentencing, Marshall did not disagree with or otherwise challenge the district court's conclusion that the

20

psychological evaluation was overall "unremarkable." Doc. 43 at 5; *see* Doc. 54.

As to the kinds of sentences available, the district court stated that both the sentencing guidelines and that the statutory maximum penalty of life imprisonment dictated a lengthy sentence in this case. Doc. 43 at 5.

The district court also gave the sentencing guidelines appropriate consideration. Doc. 43 at 5. But it concluded that, notwithstanding the five-level section 4B1.5(b)(1) enhancement, the guidelines failed to account fully for either the duration of Marshall's abuse of his own daughter or Marshall's repeated threats, which successfully had deterred her from reporting the abuse. Doc. 43 at 5–6. (The court noted further that the probation office and the parties had not cited any relevant guidelines policy statements. Doc. 43 at 6.)

After carefully considering the need to avoid unwarranted sentence disparities, the district court determined that that factor also did not weigh in Marshall's favor. Doc. 43 at 6. The court noted that the factor was difficult to assess because similar federal cases were few. Doc. 43 at 6. The court stated, however, that the facts of this case accounted for any disparity between Marshall's life sentence and the sentences imposed in other cases involving the same offense of conviction. Doc. 43 at 6.

21

Marshall asserts for the first time on appeal that he would have received a lesser sentence if he had been convicted in another federal court. Marshall's brief at 47. He compares his sentence to the sentence that the defendant had faced in *Irey* and to the sentences imposed in other cases discussed in that decision, and he asserts that his case is different because his crime involved a single victim, no comparable violence, and no distribution of images of his abuse of his daughter. Marshall's brief at 47–48, 53. "A well-founded claim of disparity, however, assumes that apples are being compared to apples," *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation marks omitted), and in Marshall's argument, they are not.

If distinctions are necessary, *Irey* and many of the other cases that Marshall cites are distinguishable because those cases did not involve a father raping his own daughter, over whom he enjoyed constant control and whom he subjected to prolonged, sustained abuse for over two years. *See Irey*, 612 F.3d at 1166–67 (American defendant sentenced to statutory maximum 30-year sentence for sexually abusing Cambodian girls)[4]; *United States v. Hersh*, 297 F.3d 1233 (11th Cir. 2002) (American professor sentenced to 105 years for

---

[4]Moreover, "[t]he horrific nature of Irey's crimes resulted in an adjusted offense level that would have led to an advisory guidelines range of life imprisonment," but his sentence was capped at 30 years because he had been charged with only one count of sexually exploiting children overseas for the purpose of producing child pornography. *Irey*, 612 F.3d at 1166.

22

various crimes involving multiple sexual encounters with young, poverty-stricken boys, mainly from Third World countries); *United States v. v. Seljan*, 547 F.3d 993, 996 (9th Cir. 2008) (American defendant sentenced to 20 years' imprisonment for sexually abusing young Filipino children). And other cases that Marshall cites were dissimilar because the defendant had not been convicted of physical sexual misconduct. *E.g.*, *United States v. Kapordelis*, 569 F.3d 1291, 1298 (11th Cir. 2009) (defendant sentenced to 35 years' imprisonment for producing, receiving, and possessing child pornography); *United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir. 2008) (defendant sentenced to 20 years' imprisonment for producing child pornography involving young family friend for whom defendant occasionally provided after-school care); *United States v. MacEwan*, 445 F.3d 237, 239 (3d Cir. 2006) (recidivist defendant sentenced to 15-year statutory minimum sentence for receiving child pornography); *United States v. Wilcox*, 324 F. App'x 805, 810 (11th Cir. 2009) (45-year sentence for defendant convicted of producing, possessing, and transporting child pornography); *United States v. Harris*, 291 F. App'x 300, 304 (11th Cir. 2008) (30-year, guidelines-range sentence for defendant convicted of inducing and conspiring to induce minors to engage in sexually explicit conduct); *United States v. Carter*, 292 F. App'x 16, 21 (11th Cir. 2008) (45-year sentence for producing, distributing, and possessing child pornography).

23

In contrast, this Court has affirmed as substantively reasonable a life sentence imposed in a case strikingly similar to Marshall's. *See United States v. Foster*, 209 F. App'x 942, 945 (11th Cir. 2006) (life sentence imposed for father who repeatedly had sexually abused his daughter). This Court also has affirmed as substantively reasonable equally harsh sentences where the district court lacked authority to impose a life sentence. *See United States v. Culver*, 598 F.3d 740, 749 (11th Cir. 2010) (affirming consecutive, 30-year statutory maximum sentence—totaling 60 years—imposed for stepfather who had drugged and shocked his stepdaughter with stun gun and had produced pornography depicting, among other things, his digital manipulation of her vagina); *United States v. Sarras*, 575 F.3d 1191, 1221 (11th Cir. 2009) (affirming USSG §5G1.2(d) "total punishment" sentence of 100 years for stepfather who had sexually abused his stepdaughter and had possessed child pornography); *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006) (affirming consecutive statutory maximum sentences—totaling 140 years—for defendant convicted of producing, possessing, and distributing child pornography, including depictions of an 8-year-old victim); *United States v. Huskey*, 349 F. App'x 495, 496 (11th Cir. 2009) (affirming consecutive, 30-, 20- and 20-year statutory-maximum sentences—"in effect ... a life sentence"—for defendant who had distributed pornography depicting vaginal sex and anal and oral

24

sodomy with his daughter); *United States v. Hodnett*, 210 F. App'x 949 (11th Cir. 2006) (affirming 360-month statutory-maximum sentence for defendant convicted of receiving and distributing child pornography and possessing and attempting to possess child pornography who previously had sexually abused his step-daughters and other young girls); *see also Wilcox*, 324 F. App'x at 810 (under applicable statutes and sentencing guidelines, defendant eligible for maximum total sentence of 60 years' imprisonment); *Carter*, 292 F.3d at 18 (defendant eligible for combined 45-year sentence applying statutory maximum penalty for each conviction); *Harris*, 291 F.3d at 302 (defendant eligible for sentence of 360 to 720 months' imprisonment).

Essentially, Marshall disagrees with the district court's assessment of the section 3553(a) factors in light of this case's unique circumstances. His personal disagreement with the court's assessment affords him no relief on his procedural reasonableness argument. *See United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006).

### III.  Marshall has waived review of his argument that the district court erred, in violation of the Eighth Amendment, in imposing his sentence, and, if not, the court did not plainly err by imposing his life sentence within the statutory limits for his crime.

Marshall also states for the first time on appeal that "[his] disproportionate sentence resulted in cruel and unusual punishment that

25

violated the Eighth Amendment" and cites this Court's decision in *United States v. Raad*, 406 F.3d 1322 (11th Cir. 2005). Marshall's brief at 53–54. But he fails to explain how his life sentence violates the Eighth Amendment. *See id*.

On appeal, this Court requires that an appellant not only state his contentions in his opening brief, but that he also give "the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Doe v. Moore*, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005) (citing Fed. R. App. P. 28(a)(9)(A)); *see United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate."). Marshall's cursory treatment of the Eighth Amendment issue therefore fails to raise it sufficiently for this Court's review, and this Court should deem the issue waived. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (party waives an argument if the party fails to elaborate on or provide supporting authority for it); *see also Doe*, 410 F.3d at 1349 n.10 (refusing to review issue raised perfunctorily on appeal); *Jernigan*, 341 F.3d at 1283 n.8 (same). If Marshall has not waived review of his Eighth Amendment argument, this Court should review it only for plain error. *See United States v. Flanders,* 752 F.3d 1317, 1342 (11th Cir. 2014). Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the

26

fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002). "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009). Marshall has failed to meet that burden.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Outside the context of capital punishment cases, however, successful Eighth Amendment challenges are "exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289–90, 103 S. Ct. 3001, 3009 (1983). "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (quotation marks omitted).

This Court reviews a sentence challenged under the Eighth Amendment by first determining whether the sentence is "grossly disproportionate to the offense committed." *Id.* If (and only if) this Court finds that it is, it then considers sentences imposed on others convicted of the same crime. *Id.* Generally, a sentence imposed within an offense's statutory limits is not grossly disproportionate. *United States v. Flores*, 572 F.3d 1254, 1268 (11th Cir. 2009). Indeed, this Court never has ruled that a sentence of imprisonment was

27

grossly disproportionate. *See United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010). And such a ruling is not warranted here.

Marshall's Eighth Amendment challenge fails immediately because his sentence was not grossly proportionate to his crime. As discussed above, Marshall repeatedly raped his daughter vaginally and orally, including in an aggressive and forceful manner. Considering the harm he caused to his daughter and his entire family, his sentence does not exceed constitutional limitations. Indeed, the Supreme Court has upheld against Eighth Amendment attack a life sentence for criminal conduct much less serious than Marshall's. *See Harmelin v. Michigan,* 501 U.S. 957, 996, 111 S. Ct. 2680, 2702 (1991) (upholding mandatory life sentence without parole for defendant convicted of possessing 672 grams of cocaine who had no prior felony convictions). And, in the specific context of child sex crimes, this and other courts often have affirmed life sentences that were attacked on Eighth Amendment grounds, even absent the sustained physical abuse perpetrated here. *See, e.g., United States v. Mozie*, 752 F.3d 1271, 1290–91 (11th Cir. 2014) (life sentence for defendant convicted of child sex trafficking offenses and producing child pornography); *United States v. McGarity*, 669 F.3d 1218, 1255–57 (11th Cir.) (life sentences for defendants convicted of running child pornography ring), *cert. denied* 133 S. Ct. 551 (2012); *United States v. Worsham*, 479 F. App'x 200, 206 (11th Cir. 2012)

28

(life sentence for defendant convicted of enticing minor to engage in sexual activity); *United States v. South*, 359 F. App'x 960, 965 (11th Cir. 2010) (life sentence for traveling in interstate commerce with intent to engage in illegal sex with minors); *United States v. Cephus*, 684 F.3d 703, 709 (7th Cir.) (life sentences for engaging in sex trafficking of minors), *cert. denied*, 133 S. Ct. 807 (2012); *United States v. Paton*, 535 F.3d 829, 837–38 (8th Cir. 2008) (life sentence for five counts of producing child pornography); *cf. Flanders*, 752 F.3d at 1342–43 (affirming consecutive life sentence imposed for multiple counts of inducing women to engage in sex trafficking through fraud). Marshall, therefore, has not made a threshold showing of disproportionality.

Because Marshall failed to make the threshold showing, this Court need not consider the sentences imposed on others. *See Raad*, 406 F.3d at 1324 n.4. In any event, such comparison supports the life sentence imposed here. *See* Argument II at 22–25. And Marshall cites no authority establishing the contrary. His Eighth Amendment challenge therefore fails.

## Conclusion

The United States requests that this Court affirm the judgment and sentence of the district court.

<div style="margin-left: 40%;">

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

KARIN B. HOPPMANN
AssistantUnited States Attorney
Appellate Division

By:    *s/ Yvette Rhodes*
YVETTE RHODES
Assistant United States Attorney
Appellate Division
Florida Bar No. 508527
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
yvette.rhodes@usdoj.gov

</div>

30

## Certificate of Compliance with Type-Volume Limitation

This brief, which contains 6551 countable words under 11th Cir. R. 32-4, complies with Fed. R. App. P. 32(a)(7)(B).

## Certificate of Service

I certify that a copy of this brief and the notice of electronic filing was sent by CM/ECF on August 15, 2014, to:

MARK DIAMOND, *counsel for Shawn Marshall*

s/ Yvette Rhodes
YVETTE RHODES
Assistant United States Attorney

gkpr/no/07/31/14